UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**PAUL KORNYA**, an individual,

Plaintiff,

v.

**SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY**, a Mississippi corporation, **SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY**, a Mississippi corporation, **FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY**, a Florida corporation, and **FLORIDA FARM BUREAU GENERAL INSURANCE COMAPNY**, a Florida corporation,

Defendants.

CIVIL ACTION

Case No. 2:23-cv-189

Judge:

Mag. Judge:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **PAUL KORNYA** ("KORNYA" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

**CAUSES OF ACTION**

1. This is an action brought under the Age Discrimination in Employment Act (ADEA), and the Florida Civil Rights Act (FCRA) and Florida common law for (1) age discrimination in violation of the ADEA, (2) age

1

discrimination in violation of the FCRA, (3) retaliation violation of the ADEA, and (4) retaliation in violation of the FCRA.

## PARTIES

2. The Plaintiff, **PAUL KORNYA** ("**KORNYA**") is an individual and a resident of Florida who at all material times was employed by the Defendant.

3. Defendant, **SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY** ("Defendant") is a Mississippi corporation with a principal place of business located in Mississippi. This Defendant's registered agent is "Chief Financial Officer, 200 E. Gaines Street, Tallahassee, Florida 32399-0000." This Defendant employed **KORNYA** in Lee County, Florida.

4. Defendant, **SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY** ("Defendant") is a Mississippi corporation with a principal place of business located in Mississippi. This Defendant's registered agent is "Chief Financial Officer, 200 E. Gaines Street, Tallahassee, Florida 32399-0000." This Defendant employed **KORNYA** in Lee County, Florida.

5. Defendant, **FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY** ("Defendant") is a Florida corporation with a principal place of business located in Gainesville, Florida. This Defendant's registered agent is "Chief Financial Officer, PO Box 6200 (32314-6200), 200 E. Gaines Street, Tallahassee, Florida 32399-0000." and This Defendant employed **KORNYA** in Lee County, Florida.

6. Defendant, **FLORIDA FARM BUREAU GENERAL INSURANCE COMAPNY** ("Defendant") is a Florida corporation with a principal place of business located in Gainesville, Florida. This Defendant's registered agent is "Chief Financial Officer, PO Box 6200 (32314-6200), 200 E. Gaines Street, Tallahassee, Florida 32399-0000." and This Defendant employed **KORNYA** in Lee County, Florida.

7. The Defendants share common management and registered agents. The "Florida Farm Bureau Group" is a wholly owned subsidiary of the **SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY**. The Florida Farm Bureau Group consists of two domestic property and casualty insurance companies, **FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY** and **FLORIDA FARM BUREAU GENERAL INSURANCE COMPANY**, which specialize in writing automobile, homeowners, dwelling fire, farm and business owners lines of insurance for members of the Florida Farm Bureau Federation. Moreover, the Defendants share common management as part of the "Florida Farm Bureau Federation," whose directors are also directors of the Defendants. For example, Jeb Smith is the president of the Florida Farm Bureau Federation, while also being the director of Defendants **SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, FLORIDA FARM BUREAU GENERAL INSURANCE COMPANY** and **FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY**. Furthermore, the operation of the

Defendants is highly integrated and, for example, the 1-800, 1-866 and 1-877 numbers for the respective Defendants are forwarded to the call center for **SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY**. The same holds true for the Defendants' online "chat" feature on their websites. Additionally, there is a centralized control over their labor relations, including for hiring for each of the Defendants as evidenced from the "careers" page on the Defendants' websites that forward a prospective applicant to a centralized applicant page.

8. Each Defendant employed **KORNYA**, who the Defendants misclassify as an independent contractor. The Defendants all jointly controlled the time, place and manner of **KORNYA**'s labor. The Defendants assigned specific tasks to **KORNYA**, took an active role in directing how he was to sell their insurance products, and closely oversaw how he performed his assigned duties. **KORNYA** could not determine his own hours, modify his billing practices, work for other companies, or decline an assignment. **KORNYA** managed no one, and as a term of his continued employment, the Defendants demanded he exclusively sell only their insurance products, thus restricting **KORNYA**'s opportunity for profit or loss depending on his managerial skills. The Defendants solely determined **KORNYA**'s rate of pay. **KORNYA** did not invest in equipment or materials required for the work he performed for the Defendants, and indeed, the Defendants provided him with office facilities for him to carry on his labor.

**KORNYA** did not employ any workers himself, and selling common insurance products does not require any special skill set, as many persons with no experience in the industry can effectively sell insurance products regardless of their lack of experience. Moreover, **KORNYA** was nearly a permanent fixture, as he had been working for the Defendants for more than 16-years without interruption. And in providing insurance sales to the Defendants, **KORNYA**'s labor was an integral part of the Defendants' business as the sale of insurance products is the very core of the Defendants' source of income.

9. At all material times, each Defendant employed greater than twenty (20) employees.

## JURISDICTION AND VENUE

10. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

11. This Court has supplemental jurisdiction over **KORNYA**'s state law claims pursuant to 28 U.S.C. §1367.

12. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked for the Defendant in Lee County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since Lee County is within the Fort Myers Division.

13. **KORNYA** timely filed his Charge of Discrimination against each of the Defendant on or about October 10, 2022. **KORNYA** timely files the instant action against **FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY** pursuant to 29 U.S.C. Section 626(d), which permits a plaintiff to file claims under the ADEA without having received a Notice of Right to Sue from the EEOC. As to all other Defendants, this action is timely filed as **KORNYA** received his Notices of Right to Sue from the EEOC, the earliest of which was received on December 16, 2022. (*See* composite Exhibit 1 – EEOC Notices of Right to Sue).

## GENERAL ALLEGATIONS

14. **KORNYA** began his employment with the Defendants in 2005 and was employed as a sales agent.

15. **KORNYA** was born in 1953 and thus was well over the age of 40 at the time of his termination by the Defendants.

16. **KORNYA** always performed his assigned duties in a professional manner and was very well qualified for his position.

17. **KORNYA** always met and exceeded performance and productivity goals, was a top sales performer and received very good to excellent performance reviews.

18. On or about March 10, 2022, the Defendants approached **KORNYA** and demanded he retire immediately.

19. **KORNYA** refused to retire and the Defendant abruptly terminated his employment on March 10, 2022.

20. The Defendants then replaced **KORNYA** with a less-qualified person much younger than him.

21. **KORNYA** was not the subject of any discipline at the time he objected to the Defendant's age discrimination.

22. At all material times, the Defendant was aware of **KORNYA**'s age and objections to age discrimination, which are the bases for its discriminatory employment practices toward him.

## COUNT I – VIOLATION OF THE ADEA

23. Plaintiff incorporates by reference Paragraphs 1-22 of this Complaint as though fully set forth below.

24. **KORNYA** was an employee and the Defendants were his employer covered by and within the meaning of the ADEA.

25. **KORNYA** is a member of the protected age class (over the age of 40).

26. **KORNYA** was well qualified for the positions he held with the Defendant.

27. Despite his qualifications, **KORNYA** has suffered adverse employment action in the form of termination.

28. A younger person with inferior qualifications and performance replaced **KORNYA**.

29. The Defendant sought applicants for the same position that **KORNYA** held who were outside of **KORNYA**'s protected class.

30. The Defendant has discriminated against **KORNYA** in the terms and conditions of his employment on the basis of his age, in violation of ADEA.

31. The Defendant engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by terminating **KORNYA** because of his age.

32. The Defendant's violations of the law were knowing and willful.

33. A causal connection exists between **KORNYA**'s age and his termination.

34. As a result of the above-described violations of the ADEA, **KORNYA** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

35. **KORNYA** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his

position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Liquidated damages, and;

vi. Such other relief as this Court shall deem appropriate.

## **COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- AGE DISCRIMINATION**

36. Plaintiff incorporates by reference Paragraphs 1-22 of this Complaint as though fully set forth below.

37. **KORNYA** was an employee and the Defendant was his employer covered by and within the meaning of the FCRA.

38. **KORNYA** is a member of the protected age class (over the age of 40).

39. **KORNYA** was well qualified for the positions he held with the Defendant.

40. Despite his qualifications, **KORNYA** has suffered adverse employment action in the form of termination.

41. A younger person with inferior qualifications and performance replaced **KORNYA**.

42. The Defendant sought applicants for the same positions that **KORNYA** held who were outside of **KORNYA**'s protected class.

43. The Defendant has discriminated against **KORNYA** in the terms and conditions of his employment on the basis of his age, in violation of the FCRA.

44. The Defendant engaged in unlawful employment practices in violation of the FCRA by terminating **KORNYA** because of his age.

45. The Defendant's violations of the law were knowing and willful.

46. A causal connection exists between **KORNYA**'s age and his termination.

47. As a result of the above-described violations of the FCRA, **KORNYA** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

48. **KORNYA** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

### **COUNT III – VIOLATION OF THE ADEA- RETALIATION**

49. Plaintiff incorporates by reference Paragraphs 1-22 of this Complaint as though fully set forth below.

50. Following **KORNYA**'s objection to age discrimination, the Defendant retaliated by altering the terms and conditions of his employment by terminating **KORNYA**.

51. **KORNYA**'s objection to age discrimination constitute a protected activity because such requests were in furtherance of rights secured to him by law.

52. Said protected activity was the proximate cause of the Defendant's negative employment actions against **KORNYA** including changed working conditions, discipline, and ultimately termination.

53. Instead of ceasing its disparate treatment based upon age, the Defendant retaliated against **KORNYA** via changed working conditions, discipline, and termination.

54. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the ADEA.

55. As a direct and proximate result of the violations of the ADEA, as referenced and cited herein, **KORNYA** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

56. As a direct and proximate result of the violations of the ADEA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **KORNYA** is entitled to all relief necessary to make him whole as provided for under the ADEA.

57. As a direct and proximate result of the Defendant's actions, **KORNYA** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

58. **KORNYA** has exhausted his administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Liquidated damages, and;

vi. Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

59. Plaintiff incorporates by reference Paragraphs 1-22 of this Complaint as though fully set forth below.

60. Following **KORNYA**'s objection to age discrimination, the Defendant retaliated by altering the terms and conditions of his employment by terminating **KORNYA**.

61. **KORNYA**'s objection to age discrimination constitute a protected activity because such requests were in furtherance of rights secured to him by law.

62. Said protected activity was the proximate cause of the Defendant's negative employment actions against **KORNYA** including changed working conditions, discipline, and ultimately termination.

63. Instead of ceasing its disparate treatment based upon age, the Defendant retaliated against **KORNYA** via changed working conditions, discipline, and termination.

64. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the FCRA.

65. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **KORNYA** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

66. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **KORNYA** is entitled to all relief necessary to make him whole as provided for under the FCRA.

67. As a direct and proximate result of the Defendant's actions, **KORNYA** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

68. **KORNYA** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: March 15, 2023    /s/Benjamin H. Yormak
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com